**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| TRINITY A. MOORE, | |
| Plaintiff, | |
| v. | Civil Action No. 4:26-cv-00054-RSB-CLR |
| ADT LLC d/b/a ADT SECURITY SERVICES, and MATRIX ABSENCE MANAGEMENT, INC., | |
| Defendants. | |

**DEFENDANTS ADT LLC AND MATRIX ABSENCE MANAGEMENT, INC.'S
MOTION TO STAY PENDING RULING ON DEFENDANTS'
PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants ADT LLC d/b/a ADT Security Services ("ADT") and Matrix Absence Management, Inc. ("Matrix") (collectively, "Defendants"), by and through undersigned counsel, respectfully move this Court for an order staying all pending deadlines in this matter until the Court rules on Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion to Dismiss"). In support of this Motion, Defendants state as follows:

**I.     BACKGROUND**

On May 8, 2026, Defendants filed their Partial Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Counts I (as to Matrix only), VI, VII, VIII, IX, X, and XVIII of the First Amended Complaint. (Dkt. 19.) The Motion to Dismiss raises substantial legal challenges to multiple claims asserted by Plaintiff, including arguments that: (a) Matrix was not Plaintiff's employer under the FMLA and therefore cannot be liable for FMLA interference (Count I as to Matrix); (b) Plaintiff's Georgia wage claim is preempted by the FLSA and Georgia law does not provide a private right of action for failure to

provide a DOL Separation Notice (Count VI); (c) Georgia does not recognize a common law tort of wrongful termination in violation of public policy (Count VII); (d) Matrix is not a party to the Short-Term Disability Plan and therefore cannot breach it, and the claim is alternatively preempted by ERISA (Count VIII); (e) Matrix is not an insurer subject to O.C.G.A. § 33-4-6, and the claim is alternatively preempted by ERISA (Count IX); (f) Matrix owes no independent duty to Plaintiff and the negligent administration claim is barred by the economic loss rule (Count X); and (g) Plaintiff's PUMP Act and O.C.G.A. § 34-1-6 claims fail for multiple independent reasons, including that Plaintiff was a remote employee and failed to comply with mandatory pre-suit notice requirements (Count XVIII). (*Id.*)

Plaintiff's First Amended Complaint asserts eighteen separate counts against Defendants, and the Motion to Dismiss targets seven of those counts or portions thereof. (*See* Dkt. 10; Dkt. 19.) Resolution of the Motion to Dismiss will therefore have a significant impact on the scope and direction of this litigation and potentially dismiss Defendant Matrix from this action.

During the parties' Rule 26(f) conference, counsel for Plaintiff stated Plaintiff was opposed to a stay of discovery and the initial disclosure deadline, pending the Court's ruling on Defendants' Motion to Dismiss. Accordingly, Defendants unilaterally submit the Motion to Stay .

## II.    ARGUMENT

### A.    *A Stay Will Promote Judicial Economy and Conserve the Parties' Resources.*

Courts in this Circuit have broad discretion to manage their dockets and may stay proceedings pending resolution of dispositive motions. *See Oliveria v. Walmart, Inc.,* No. CV424-014, 2024 WL 1094700, at *1 (S.D. Ga. March 12, 2024) (recognizing a district court's "broad discretion to stay proceedings as an incident to its power to control its own docket") (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A stay is particularly appropriate where a pending dispositive

motion may substantially narrow or reshape the claims at issue. *See James v. Hunt,* 761 F.App'x 975, 981 (11th Cir. 2018) (determining district court did not abuse discretion by staying proceedings until ruling on pending motion for judgment on the pleadings in light of the fact the claims "would have substantially enlarged the scope of discovery"); *Perry v. Baker-Gamboa,* No. 2:25-cv-76, 2025 WL 231195, at *2 (S.D. Ga. July 9, 2025) ("Even if judgment is only granted as to some of Plaintiff's claims, it will significantly reduce the scope of this litigation. This fact weighs in favor of granting the stay, given the number of Defendants and claims."). Proceeding with discovery and other case management deadlines while the Motion to Dismiss remains pending would require the parties to expend significant time and resources on claims that may ultimately be dismissed.

The Motion to Dismiss raises purely legal issues that do not require discovery and that, if resolved in Defendants' favor, would eliminate seven of the eighteen counts in the First Amended Complaint—or nearly 40% of Plaintiff's claims. Several of these claims implicate entirely distinct legal theories, including breach of contract, bad faith denial of insurance benefits, negligent administration, Georgia wage claims, wrongful termination in violation of public policy, and lactation accommodation claims under both federal and state law. The Motion to Dismiss also seeks to dismiss all claims against Defendant Matrix, which would result in a dismissal of Defendant Matrix from the case entirely. Dismissal of any or all of these counts and Defendant Matrix would meaningfully narrow the scope of discovery and reduce the burden on the parties and the Court.

### B.    *A Stay Will Not Unduly Prejudice Plaintiff.*

A brief stay of deadlines will not unduly prejudice Plaintiff. The Motion to Dismiss was filed on May 8, 2026, and the Court's resolution of the Motion is expected in the ordinary course.

The stay requested is limited in duration—Defendants seek only to pause pending deadlines until the Court rules on the Motion to Dismiss. Once the Court rules, the parties can proceed with the benefit of a defined set of claims and a clear litigation framework, which will ultimately promote more efficient case management. Any delay occasioned by the stay is modest and is outweighed by the substantial savings in time and resources that will result from a narrowed case. *See Robinson v. Nationstar Mortgage, LLC,* 220 F. Supp. 3d 1353, at 1355 (S.D. Ga. 2016) (finding that a stay inherently involves some level of prejudice due to the delay in litigation, the delay was minimal because the case was still in its infancy and the consideration of judicial economy outweighed the possible prejudice caused by the delay).

C.     ***The Motion to Dismiss Raises Meritorious Arguments That Are Likely to Succeed.***

A stay is further warranted because the Motion to Dismiss raises substantial and meritorious legal arguments. Among other things, Defendants have demonstrated that Georgia does not recognize a common law tort of wrongful termination in violation of public policy, a legal proposition firmly established by the Georgia appellate courts. Defendants have further shown that Matrix, as a third-party claims administrator, does not qualify as an "employer" under the FMLA, is not a party to ADT's Short-Term Disability Plan, and is not an "insurer" subject to O.C.G.A. § 33-4-6. Additionally, Plaintiff's Georgia wage claim is preempted by the FLSA, and Plaintiff's PUMP Act claim fails both because Plaintiff was a remote employee and because Plaintiff failed to satisfy mandatory pre-suit notice requirements. The strength of these arguments further supports a stay to avoid unnecessary expenditure of the parties' resources on claims that are likely to be dismissed. *See Perry,* 2025 WL 2331195, at *2 (finding defendants met their burden in support a stay where a "preliminary peek" revealed defendant's motion was not frivolous and could be dispositive).

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order staying all pending deadlines in this matter until the Court rules on Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of June, 2026.

/s/ Deepa N. Subramanian
Deepa N. Subramanian
Georgia Bar No. 278625
OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.
600 Peachtree Street NE
Suite 4300
Atlanta, GA 30308
Telephone: (404) 881-1300
Facsimile: (404) 870-1732
deepa.subramanian@ogletreedeakins.com
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| TRINITY A. MOORE,<br><br>     Plaintiff,<br><br>v.<br><br>ADT LLC d/b/a ADT SECURITY SERVICES, and MATRIX ABSENCE MANAGEMENT, INC.,<br><br>     Defendants. | Civil Action No. 4:26-cv-00054-RSB-CLR |

**CERTIFICATE OF SERVICE**

I certify that on June 1, 2026, I electronically filed the foregoing **DEFENDANTS ADT LLC AND MATRIX ABSENCE MANAGEMENT, INC.'S MOTION TO STAY PENDING RULING ON DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

Amber Montgomery
ALM Legal, LLC
3600 Dallas Hwy Ste # 230-388
Marietta, GA 30064
amontgomery@alm-legal.com
*Attorney for Plaintiff Trinity Moore*

*/s/ Deepa N. Subramanian*
Deepa N. Subramanian
Georgia Bar No. 278625