**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**

| | |
|---|---|
| TRINITY A. MOORE, | Civil Action No. |
| | 4:26-cv-00054-RSB-CLR |
| Plaintiff, | |
| | Hon. R. Stan Baker |
| v. | Chief U.S. District Judge |
| | |
| ADT LLC d/b/a ADT SECURITY | Hon. Christopher L. Ray |
| SERVICES, and MATRIX ABSENCE | U.S. Magistrate Judge |
| MANAGEMENT, INC., | |
| | |
| Defendants. | |

**PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER (DOC. 28)
DENYING DISQUALIFICATION AND DISMISSING LIMITED DISCOVERY AS
MOOT**

**I. INTRODUCTION AND RELIEF REQUESTED**

Plaintiff Trinity A. Moore objects, under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. §

636(b)(1)(A), to Magistrate Judge Christopher L. Ray's June 2, 2026 Order (Doc. 28), which

denied Plaintiff's Motion to Disqualify Ogletree, Deakins, Nash, Smoak & Stewart, P.C. (Doc.

12) and dismissed as moot her Motion for Limited Discovery in Aid of Disqualification (Doc.

17). The Order is contrary to law and clearly erroneous, and should be set aside. Its central

factual premise—that this case and the parallel Microsoft litigation are "factually unrelated"—is

refuted by Defendants' own position in this record. Its legal analysis never applied the

controlling standard for concurrent conflicts under Georgia Rule of Professional Conduct 1.7(a).

Its standing ruling misapplied the controlling Eleventh Circuit standard and disregarded the

Court's independent supervisory authority. And its dismissal of limited discovery as moot faulted Plaintiff for an undeveloped record while denying her the means to develop it.

Plaintiff requests that the Court sustain these objections and set aside the Order; grant the Motion to Disqualify; or, at minimum, vacate the dismissal of Doc. 17 and authorize the limited discovery sought therein.

## II. ISSUES PRESENTED

1. Whether the Order is contrary to law in deeming the concurrent-conflict theory "frivolous" without applying GRPC 1.7(a)'s "significant risk" standard or the imputation rule of GRPC 1.10(a).

2. Whether the Order's premise that the two matters are "factually unrelated" is clearly erroneous in light of Defendants' own Rule 26(f) position seeking a cross-case discovery restriction.

3. Whether the Order misapplied the Eleventh Circuit's non-client standing standard and disregarded the Court's independent authority to address conduct threatening the orderly administration of justice.

4. Whether dismissing the limited-discovery motion as moot was error where that discovery was necessary to test the conflict the Order treated as unproven.

## III. STANDARD OF REVIEW

A motion to disqualify counsel is a non-dispositive pretrial matter that a magistrate judge may decide by order under 28 U.S.C. § 636(b)(1)(A), Rule 72(a), and S.D. Ga. Local Rule 72.2. *See United States v. Rasco*, 2009 WL 1873804 (S.D. Ga. June 29, 2009); *United States v. Asghedom*,

646 F. App'x 830 (11th Cir. 2016). On timely objection, the District Judge "must…modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

That distinction is dispositive here. While factual findings are reviewed deferentially, a magistrate judge's legal conclusions receive no deference: an order is "contrary to law" when it applies an incorrect legal standard or fails to apply the controlling rule, and review of those legal questions is effectively de novo. *See PEN Am. Ctr., Inc. v. Escambia Cnty. Sch. Bd.*, 787 F. Supp. 3d 1292 (N.D. Fla. 2024). The principal defects in the Order are errors of law.

## IV. ARGUMENT

The Order is contrary to law at the threshold. It analyzed the motion solely through GRPC 1.7 and standing and never applied the Eleventh Circuit's two-track disqualification framework or the controlling tests within it. A ruling that applies the wrong legal framework is contrary to law under Rule 72(a) and is reviewed without deference. The specific errors follow.

### A. The Order's Premise That the Two Matters Are "Factually Unrelated" Is Refuted by Defendants' Own Record Position.

The Order rests on the finding that the Microsoft litigation is "legally similar but otherwise unrelated" to this case and denies disqualification on that basis. Defendants' own filing forecloses that premise—and does so as a binding judicial admission. In the parties' Rule 26(f) Report (Doc. 24), Defendants stated, under Item 11, that they "want to ensure documents exchanged in this case are not used in Montgomery's case in [the Western District of Washington]." Deliberate, specific factual assertions in a joint Rule 26(f) report are binding judicial admissions in the proceeding in which they are made. *Coface N. Am. Ins. Co. v. Davis*, 2019 WL 7831142 (N.D. Ga. June 21, 2019); *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck*

*Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983) (judicial admissions possess "the highest possible probative value"). The demand is neither tentative nor boilerplate: a cross-case discovery restriction is coherent only if the two matters share documents, facts, or witnesses. By that admission, Defendants conceded the very relatedness the Order found absent. They cannot represent that the cases are unrelated to defeat disqualification while invoking their relatedness to restrict discovery; at a minimum, the contrary position would be subject to judicial estoppel. *See Slater v. United States Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017) (en banc). The Order adopted the unrelatedness premise without reconciling it against this admission in the same record. That premise is clearly erroneous, and because it is the foundation of the Order's merits ruling, the ruling cannot stand.

### B. The Order Is Contrary to Law Because It Never Applied the Controlling Standard for Concurrent Conflicts.

The Order analyzed Plaintiff's first ground as though it concerned an attorney's representation of a different client in an unrelated case, and on that footing deemed the theory "meritless" and "border[ing] on frivolous." That framing skips the governing test. Under GRPC 1.7(a), the question is whether there is a significant risk that a lawyer's duties to another client materially and adversely limit the representation. The pleaded theory is that the same firm—indeed the same Atlanta office—is concurrently adverse to the same individual, Plaintiff's counsel, as a party in one federal matter and as opposing counsel in this one, such that the firm's duties to Microsoft (including litigating against counsel's credibility and strategy) create a significant risk to its representation here. The Order never applied the "significant risk" test to those facts and never addressed imputation under GRPC 1.10(a). Once one lawyer's concurrent conflict is

4

established, GRPC 1.10(a) imputes it to the entire firm, with no screening cure. *See In re Cabe & Cato, Inc.*, 524 B.R. 870 (Bankr. N.D. Ga. 2014).

The governing inquiry under GRPC 1.7(a) is whether a "significant risk" exists that the firm's duties to one client will materially limit its representation of another—not whether Plaintiff can prove a consummated, non-waivable conflict. By demanding the latter, the Order applied a standard more exacting than the rule supplies. Persuasive authority treats concurrent adverse representation as prima facie improper. *Cf. Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 144 F. Supp. 2d 1334, 1338 (S.D. Fla. 2001) (*citing Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1387 (2d Cir. 1976)). At a minimum, the Order supplied no analysis of the rule it found unviolated, and declaring a theory frivolous without applying the controlling standard is contrary to law. *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997). The "border[ing] on frivolous" characterization does not insulate the ruling from review: it is not a sanctions finding but a legal characterization of the merits, and legal conclusions are reviewed without deference even under Rule 72(a).

### C. The Standing Ruling Misapplies the Controlling Standard and Disregards the Court's Independent Authority.

On the joint-representation ground, the Order denied standing while finding any conflict "appears waivable" under GRPC 1.7(b). Those holdings are incompatible: a conflict cannot be both too insubstantial to confer standing and a present conflict the clients must waive. The Order's blending of a threshold standing dismissal with a merits waiver assessment is itself a reviewable error.

More fundamentally, the Order misapplied the controlling standard for non-client standing. A party who is not a client of opposing counsel nonetheless has standing to seek disqualification where there is "a violation of the rules which is sufficiently severe to call in question the fair and efficient administration of justice." *McGriff v. Christie*, 477 F. App'x 673, 676 (11th Cir. 2012) (adopting *Bernocchi v. Forcucci*, 279 Ga. 460 (2005)). The Order recited a version of that standard but did not apply it. *McGriff* itself found the threshold met where a firm simultaneously represented clients with incompatible loyalties, because such representation "breeds prejudice and delay and undermines the credibility of our judicial system." *Id.* That is the configuration alleged here. The Order's reliance on the co-Defendants' present alignment and the absence of cross-claims does not engage the *McGriff* standard it was required to apply.

The Order also confined itself to RPC 1.7 and standing and never addressed the Court's independent supervisory authority. A federal court has not only the power but the duty to inquire into a disqualifying conflict on its own motion, independent of any movant's standing. *See United States v. Pacheco-Romero*, 374 F. Supp. 3d 1326 (N.D. Ga. 2019). The Eleventh Circuit applies a two-track framework: where counsel's conduct threatens the orderly administration of justice, the court may act under its inherent power without identifying a specific Rule violation and without regard to a movant's standing; only where the conduct is merely "unethical" need the court proceed under a specific Rule. *Schlumberger*, 113 F.3d at 1561; *In re BellSouth Corp.*, 334 F.3d 941, 958–61 (11th Cir. 2003); *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1209 (11th Cir. 1985). Disqualification on that track requires "at least a reasonable possibility that some specifically identifiable impropriety did occur." *Kleiner*, 751 F.2d at 1209; *see Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982). That requirement is

6

satisfied here by an impropriety that has already occurred—not a speculative future one—as set out next.

### D. The Prejudice the Order Called "Speculative" Has Already Occurred in This Record.

The Order discounted the asserted prejudice as speculative. It is no longer speculative. After the Motion to Disqualify was filed, defense counsel filed the parties' Rule 26(f) Report bearing the electronic signature "/s/ Amber Montgomery" without Plaintiff's counsel's authorization, after making revisions to a draft counsel had expressly conditioned on no modifications. Filing a federal court document under opposing counsel's signature, without consent, is a concrete and identifiable impropriety that threatens the orderly administration of justice—the precise interference the Motion sought to prevent—and it postdates the briefing the Order reviewed. The Eleventh Circuit treats the filing of court documents bearing an attorney's signature without authorization as a serious abuse of the judicial process. *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332 (11th Cir. 2002); *Smith v. Bruster*, 424 F. App'x 912 (11th Cir. 2011) (filing a document bearing an unauthorized signature presents it in bad faith under Rule 11(b)). Because that conduct falls on the inherent-authority track described above, the Court may address it without regard to Plaintiff's standing.

### E. Dismissing the Limited-Discovery Motion as Moot Was Error.

The Order dismissed Doc. 17 as moot solely because it denied Doc. 12. But Doc. 17 sought the limited discovery necessary to establish the facts the Order treated as unproven—whether the firm's conflict-intake process functioned and whether the firm communicated about the cross-matter posture. Denying disqualification for want of a developed record, then dismissing as moot the discovery that would develop it, forecloses the showing by withholding the only means of making it. Limited discovery in aid of disqualification is available where the relevant

information lies exclusively within the firm. *See* Doc. 17 at 8–9 (collecting authority);

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). At a minimum, the dismissal of

Doc. 17 should be vacated and the targeted discovery permitted before any final ruling on

disqualification.

## V. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court sustain these objections and set

aside the Order (Doc. 28); grant the Motion to Disqualify (Doc. 12); or, in the alternative, vacate

the dismissal of the Motion for Limited Discovery (Doc. 17) and authorize the limited discovery

described therein, or recommit the matter to Magistrate Judge Ray with instructions to expand

the record before any final ruling on disqualification. *See* 28 U.S.C. § 636(b)(1).

Because the Order applied the wrong legal standards, Rule 72(a) requires that the offending

portions be set aside.

Respectfully submitted this 3rd day of June, 2026.

**/s/ Amber Montgomery**
Amber Montgomery, Esq.
Georgia Bar No. 265386
ALM Legal, LLC
3600 Dallas Hwy, Ste. #230-388, Marietta, GA 30064
(912) 656-8895 | amontgomery@alm-legal.com
Counsel for Plaintiff Trinity A. Moore

8

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of June, 2026, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will serve all counsel of record.

**/s/ Amber Montgomery**
Amber Montgomery, Esq.

9